**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONNA MATTHEWS** | : | **CIVIL ACTION** |
| **v.** | : | |
| **AMERICA'S PIZZA COMPANY, LLC** | : | **NO. 13-6905** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                                 **April 10, 2014**

In this employment discrimination case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the defendant, America's Pizza Company, LLC ("APC"), moves to dismiss the complaint for lack of personal jurisdiction or for improper venue pursuant to Rules 12(b)(2) and 12(b)(3). It contends that it has no connection to Pennsylvania to justify our exercise of either specific or general jurisdiction.

Plaintiff Jonna Matthews concedes that we do not have personal jurisdiction over APC. She contends that transfer, rather than dismissal, is in the interest of justice under 28 U.S.C. § 1631. She urges us to transfer her case to the Western District of North Carolina where the events giving rise to her claim occurred and where APC operates businesses. APC seeks dismissal and opposes transfer, arguing that Matthews did not act diligently when she filed in a court having no jurisdiction over it on the eve of the expiration of the statute of limitations.[1]

---

[1] Matthews received her right to sue letter on August 29, 2013 and filed her complaint on November 26, 2013, one day before the ninety-day period expired. *See* Compl.; *id.* Ex. D.

In the interest of justice, we shall transfer this action to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1631.

## Background Facts

APC is a Louisiana limited liability company with its principal place of business in Lafayette, Louisiana.[2] None of its members are residents of Pennsylvania.[3] It does not do business in Pennsylvania, maintain offices or have any employees here.[4]

Matthews was employed by APC, a franchisee of Pizza Hut, Inc., as a part-time server in its Charlotte, North Carolina Pizza Hut restaurant for eight months, from February 10, 2011 to October 24, 2011.[5] Her claims arise out of her employment there.

## Procedural History

On October 13, 2011, Matthews filed a Charge of Discrimination against APC with the Equal Employment Opportunity Commission ("EEOC") alleging religious discrimination and retaliation.[6] After her employment was terminated, she filed a second Charge of Discrimination on November 10, 2011.[7] On August 29, 2013, the

---

[2] Def.'s Mot. Dismiss Ex. A ¶ 4 ("Stolzenthaler Decl.") (Doc. No. 5).

[3] *Id.*

[4] *Id.* ¶ 5.

[5] Compl. ¶¶ 28, 45-46. The complaint states that Matthews was employed as a customer service representative. *Id.* ¶ 3. However, Matthews' sur-reply states, consistent with the Stolzenthaler declaration, that she was employed as a part-time server. Pl.'s Sur-Reply at 2 (Doc. No. 14); Stolzenthaler Decl. ¶ 3.

[6] Compl. Ex. A; *id.* ¶ 16.

[7] *Id.* Ex. B; *id.* ¶ 18.

EEOC issued Matthews a right to sue letter.[8]  Matthews alleges, and APC does not dispute, that she exhausted her administrative remedies before bringing her complaint.[9]

On November 26, 2013, the eighty-ninth day after receiving her right to sue letter, Matthews filed her complaint in this Court.  APC filed its Motion to Dismiss for Lack of Personal Jurisdiction and, Alternatively, For Improper Venue under Rules 12(b)(2) and 12(b)(3).[10]  In response, Matthews filed an Opposition to the Motion to Dismiss and Cross-Motion to Transfer pursuant to 28 U.S.C. § 1631.[11]

**Transfer Pursuant to 28 U.S.C. § 1631**

Once a district court determines that it lacks personal jurisdiction over the defendant, it has the option of dismissing the action or transferring it to any district in which it could have been brought.  28 U.S.C. § 1631; *see D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009) (directing the district court on remand to consider transfer pursuant to § 1631 where personal jurisdiction was lacking); *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 n.9 (3d Cir. 2002) (stating that, where a court lacks personal jurisdiction, it can transfer the action pursuant to § 1631); *Gallant v. Tr. of Columbia Univ.*, 111 F. Supp. 2d 638, 648 (E.D. Pa. 2000) (Katz, J.) (transferring action under § 1631 where court lacked personal jurisdiction).

Because transfer is preferred over dismissal, there is a rebuttable presumption in favor of transfer.  *Britell v. U.S.*, 318 F.3d 70, 73 (1st Cir. 2003); *Pacific Emp'rs Ins. Co.*

---

[8] *Id.* Ex. D; *id.* ¶ 22.

[9] *Id.* ¶ 26.

[10] Doc. No. 5.

[11] Doc. No. 13.  Matthews also invokes 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.").

*v. AXA Belgium S.A.*, 785 F. Supp. 2d 457, 475 (E.D. Pa. 2011) (Goldberg, J.). The presumption may be rebutted only if transfer would not be in the interest of justice. *Britell,* 318 F.3d at 74.

Section 1631, the provision upon which Matthews relies, provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

28 U.S.C. § 1631.

In deciding whether to transfer or dismiss the action, we first determine if Matthews' action could have been brought in the Western District of North Carolina. APC does not contend that the action could not have been brought there. APC operates several restaurants in North Carolina, including the one where Matthews worked.[12] The facts giving rise to the causes of action occurred in that restaurant, which is in the Western District of North Carolina.[13] Therefore, the action could have been brought in the United States District Court for the Western District of North Carolina.

Next, we ask whether transferring the action would serve justice. *See D'Jamoos*, 566 F.3d at 110; 28 U.S.C. § 1631. In doing so, we look to three factors: (1) whether transfer would unfairly benefit Matthews; (2) whether it would impose an unwarranted hardship on APC; and, (3) whether transfer would unduly burden the judicial system.

---

[12] Stolzenthaler Decl. ¶¶ 5, 7.

[13] *Id.* ¶¶ 9-10; Pl.'s Resp. at 4 (Doc. No. 12).

*Britell*, 318 F.3d at 74 (citations omitted); *Pacific Emp'rs*, 785 F. Supp. 2d at 475-76. Here, all three factors counsel in favor of transfer.

As to the first factor, Matthews will not unfairly benefit from transfer. She will not receive an unfair advantage in trying her case in North Carolina. She will have her day in court in North Carolina rather than Pennsylvania. Because the applicable statute of limitations has expired, dismissing this action would deny Matthews a chance to litigate her claims, even though she timely filed her complaint here. *D'Jamoos v. Pilatus Aircraft Ltd.*, No. 07-1153, 2009 WL 3152188, at *3 (E.D. Pa. Oct. 1, 2009) (McLaughlin, J.); *Lawman Armor Corp. v. Simon,* 319 F. Supp. 2d 499, 507 (E.D. Pa. 2004) (DuBois, J.) ("[N]ormally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating.") (citations and alteration omitted). Under these circumstances, transfer "furthers the salutary policy favoring the resolution of cases on the merits." *Britell*, 318 F.3d at 74.

With respect to the second factor, transfer will not cause an undue burden to APC. Indeed, APC does not claim that litigating the case in North Carolina will impose an unwarranted hardship on it. Nor could it. APC cannot complain about trying the case in a state where it conducts business and is subject to personal jurisdiction, and where the events alleged in the complaint occurred.

Finally, transfer to the Western District of North Carolina will not unduly burden the judicial system. The Western District of North Carolina has a less congested docket than this district. As of March 31, 2013, 12,963 civil cases were pending in the Eastern District of Pennsylvania while 1,289 civil cases were pending in the Western District of

5

North Carolina.[14]  Thus, transferring this case to the district court where it could have been brought imposes no greater burden on that district.

## Conclusion

In the interest of justice, we shall transfer this action to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1631.

---

[14] *See* Table C-1, Civil Cases Commenced, Terminated, and Pending, *available at* http://www.uscourts.gov/Statistics/FederalJudicialCaseloadStatistics/caseload-statistics-2013.aspx.

.